IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD ROSA, #A0196732,<br><br>Plaintiff,<br><br>v.<br><br>MANDY FIDENT,<br><br>Defendant. | CIVIL NO. 25-00155 DKW-WRP<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Plaintiff Clifford Rosa. ECF No. 2. Rosa's Application is DENIED because it is incomplete.

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $55.00 administrative fee in a lump sum or, if granted the privilege of proceeding in forma pauperis, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1). An application to proceed in forma pauperis requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account statement for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). A prisoner

must submit trust account statements from each institution where he was confined during the relevant six-month period. *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner." *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/cms/assets/396130e1-69c4-4d0b-8188-3a7dab791e9e/Information_and_IFP.pdf (last visited Apr. 17, 2025). This form includes: (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined). *See id.* The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months. *See id.*

If a prisoner is granted leave to proceed in forma pauperis, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater. 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). An initial partial filing fee will only be collected when funds exist. *See* 28 U.S.C. § 1915(b)(1). The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the

prisoner's account, each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.*

Here, Rosa's Request is incomplete because it is missing the first page of the court-approved form—that is, the affidavit of indigence. In addition, the application page and account statements that Rosa did provide are somewhat outdated. In this regard, although Rosa mailed his complaint to the Court on April 11, 2025, *see* ECF No. 1-1 at PageID.13, a prison official completed the required certificate on February 24, 2025, ECF No. 2 at PageID.14, and the most-recent account statement was printed on March 24, 2025, *id.* at PageID.15.

Rosa is DIRECTED to promptly submit a complete, up-to-date IFP Application. Failure to do so, or to pay the filing fee in full, by **May 1, 2025** will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any pending or future filings in this action until Rosa addresses the deficiencies set forth in this Order.

## CONCLUSION

(1) Rosa's Application to Proceed In Forma Pauperis by a Prisoner, ECF No. 2, is DENIED without prejudice as incomplete.

(2) Rosa is DIRECTED to pay the filing fee in full, or to submit a complete IFP Application by **May 1, 2025.**

(3) The Clerk is DIRECTED to send Rosa an Application to Proceed In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: **April 17, 2025** at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Clifford Rosa v. Mandy Fident*; Civil No. 25-00155 DKW-WRP; **ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER**